**JOHN L. BURRIS, ESQ., SBN 69888**
**LATEEF H. GRAY, ESQ., SBN 250055**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Lateef.Gray@johnburrislaw.com

Attorneys for Plaintiffs
M.C.F. and K.S.F., by and through their Guardian Ad Litem
ELIZABETH CASAS BAUTISTA and THE ESTATE OF
COLBY FRIDAY by and through its personal representative
DENISE HALL

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.C.F. by and through his Guardian Ad Litem ELIZABETH CASAS BAUTISTA, individually and as successor-in-interest to Decedent COLBY FRIDAY; K.S.F., by and through her Guardian Ad Litem ELIZABETH CASAS BAUTISTA, individually and as successor-in-interest to Decedent COLBY FRIDAY; THE ESTATE OF COLBY FRIDAY, by and through its personal representative DENISE FRIDAY HALL, | CASE NO.: |
| | |
| | COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983 and pendent tort claims) |
| | |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| CITY OF STOCKTON, a municipal corporation; STOCKTON POLICE DEPARTMENT, a public entity; POLICE CHIEF ERIC JONES, individually and in his official capacity as Chief of the Stockton Police Department; DAVID WELLS, individually and in his capacity as an Officer for the Stockton Police Department; and DOES 1-50, inclusive, individually and in their | |

official capacities as police officers for the
Stockton Police Department,

                              Defendants.

## INTRODUCTION

1.     This case arises out of the wrongful death of Colby Friday.  On the afternoon of August 16, 2016, Mr. Friday was targeted, chased down, shot, and killed, without lawful cause or legal justification, by City of Stockton Police Officer David Wells.

2.     This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the fatal police shooting of Decedent, Colby Friday.

## JURISDICTION AND VENUE

3.     This action arises under Title 42 of the United States Code Section 1983. Title 28 of the United States Code Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Stockton, San Joaquin County, California, which is within the judicial district of this Court.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1367 over the state law claims, which are so related to federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.     Venue is proper in this Court under 28 U.S.C. Section 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6.     Decedent COLBY FRIDAY (hereinafter "Decedent") was an individual residing in the State of California. Decedent was unmarried at the time of his death and died intestate. Decedent did not file any legal actions prior to his death.  To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by

THE ESTATE OF COLBY FRIDAY by and through its personal representative DENISE FRIDAY HALL, Decedent's biological mother.

7.     Plaintiff THE ESTATE OF COLBY FRIDAY seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by and through its personal representative DENISE HALL.

8.     Plaintiff M.C.F. ("Plaintiff M.C.F."), is and was at all times herein mentioned the biological son of Decedent. M.C.F. sues in his individual capacity and as Successor-in-Interest to Decedent by and through his Guardian Ad Litem ELIZABETH CASAS BAUTISTA.

9.     Plaintiff K.S.F. ("Plaintiff K.S.F."), is and was at all times herein mentioned the biological daughter of Decedent COLBY FRIDAY.  K.S.F. sues in her individual capacity and as Successor-in-Interest to Decedent by and through her Guardian Ad Litem, ELIZABETH CASAS BAUTISTA.

10.     Defendant CITY OF STOCKTON (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Stockton Police Department and its tactics, methods, practices, customs and usage.  At all relevant times, Defenadnt City was the employer of Defendant David Wells and all DOES Defendants, individually and as peace officers.

11.     Defendant STOCKTON POLICE DEPARTMENT ("SPD") is a division of the City of Stockton, which at all times was operated, managed, maintained, supervised and controlled by the CITY and which is a governmental organization of the State of California.

12.     At all times herein mentioned, Defendant POLICE CHIEF ERIC JONES ("CHIEF JONES"), was the Stockton Police Department Chief, and is sued in his individual capacity, and in his capacity as Chief of the Stockton Police Department.  Chief Jones was the offical highest in the chain of command in the Stockton Police Department and was the highest supervising policymaker in the Stockton Police Department.

13.     At all times mentioned herein, Defendant Officer DAVID WELLS  ("Defendant WELLS"), is sued in his individual capacity and in his capacity as an officer for the Stockton Police Department.

14.     At all times herein mentioned, Defendants CHIEF JONES, DAVID WELLS and DOES 1-50 acted under color of state law and within the course and scope of their employment with the CITY and the Stockton Police Department.

15.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs allege that Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered defendants to engage in such conduct.  Plaintiffs further allege that the DOES Defendants violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent.  Plaintiffs will amend their Complaint to state the true names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

16.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26-50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein.  Plaintiffs will amend their Complaint to state the true names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

17.     At all relevant times, DOES Defendants, individually and as a peace officers; were duly authorized employees and agents of Defendant CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

18.     At all relevant times, Defendants, individually and as peace officers, were duly appointed officers and/or employees or agents of Defendant CITY, subject to oversight and supervision by Defendant CITY's elected and non-elected officials.

19.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers, were acting on the implied and actual permission and consent of the Defendant CITY.

20.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

## ADMINISTRATIVE PREREQUISITES

21.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiffs filed an administrative claim with the CITY OF STOCKTON on February 16, 2017. The claim was rejected by the CITY OF STOCKTON on April 3, 2017.

## PRELIMINARY ALLEGATIONS

22.     The City of Stockton is a public entity and is being sued under Title 42 U.S.C. Section 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the California Government Code for the acts and omissions of Defendant Wells, Chief Jones and DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

23.     Plaintiffs allege that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

24.     Each of the Defendants caused and is responsible for the unlawful conduct and

resulting harm by, inter alia: personally participating in the conduct; or acting jointly and in concert with others who did so; by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct; by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

25.   Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly or severally.

## MONELL ALLEGATIONS

26.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiffs as set forth herein.  Defendant City bears liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiffs' injuries.  Defendant City and its officials maintained or permitted one or more of the following official policies or customs:

a)   Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b)   Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, arrest, search, and detention;

c)   Failure to adequately discipline or retrain officers involved in misconduct;

d)   Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e)   Encouragement of officers in the belief that they can violate the rights of persons, such as Decedent and Plaintiffs, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f)     Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Decedent.

## FACTUAL ALLEGATIONS

27.     On the afternoon of August 16, 2016, around 2:00 pm, Stockton Police Officers found Decedent COLBY FRIDAY, walking peacefully at or near Jamestown Street and Sousa Street in the city of Stockton, in San Joaquin County, California. It is unclear as to the reason the officers confronted Decedent.

28.     Defendants WELLS and DOES 1-25 from the Stockton Police Department arrived at the scene. When the officers arrived, they saw Decedent walking on the sidewalk, leaving the area. Defendant WELLS approached Decedent as Decedent was walking.

29.     Defendant WELLS immediately starting chasing Decedent. Not understanding the reason that the defendant officers were aggressively running at him, Decedent began running as well.

30.     Decedent ran around a nearby building and approached a locked gate, which was behind the building and located next to an apartment complex.  Defendant WELLS followed Decedent and seconds later inexplicably fired several shots at Decedent, striking him multiple times. Decedent COLBY FRIDAY died as a result of the injuries sustained during this encounter with Defendant WELLS and Defendant DOES 1-25 from the Stockton Police Department.

31.     On information and belief, Decedent had not committed any crime. Defendants, individually and as peace officers, had neither reasonable suspicion to detain Decedent nor probable cause to arrest him.

32.     On information and belief, Defendant WELLS violated the policies of Defendants CITY and the STOCKTON POLICE DEPARTMENT as he failed to activate his department issued body camera until after he had shot Decedent.

33.     Defendants, individually and as peace officers, while acting in the course and scope of their employment with CITY, negligently assessed the circumstances presented to

them and violently confronted Decedent COLBY FRIDAY without having probable cause to believe that Decedent had committed a violent felony, or would commit a violent felony in the future.

34.     Without warning, Defendant WELLS chased the Decedent down, then repeatedly and unjustifiably discharged several gunshots from his department-issued firearm. Decedent COLBY FRIDAY died as a proximate and direct cause of gunshot wounds.

35.     At no time during the course of these events did Decedent COLBY FRIDAY pose any reasonable threat of violence to the defendant officers or any other individual, nor did he do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against him, by the defendant officers.

36.     Both prior to and during the time in which Decedent was shot to death by defendants, Decedent made no aggressive movements and no furtive gestures that would cause an officer to reasonably believe Decedent had the will, or the ability, to inflict substantial bodily harm against any individual or officer.

37.     Plaintiffs allege that a reasonable officer in Defendant Wells' position would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that he needlessly shot him to death.

38.     The actions and omissions of Defendant City, Defendant Wells, Chief Jones and the DOE Defendant Stockton Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or or public officials, and pursuant to unconstitutional customs, policies and procedures of Defendant City and/or other jurisdictions.

39.     Plaintiffs are informed and believe and thereon allege that members of the Stockton Police Department, including, but not limited to Defendant Wells, Chief Jones and DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent.

40.     Plaintiffs are informed, believe and thereon allege that Defendant City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

41.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

42.     Plaintiffs are informed and believe and thereon allege that Defendant City, Chief Jones and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Wells and/or DOES 1-25.  Their failure to discipline Defendant Wells and/or DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

## DAMAGES

43.     As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

44.     Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights.  Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

45.     Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived,

including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

46.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Survival Action: Excessive Force)
### (Plaintiff ESTATE OF COLBY FRIDAY against Defendants WELLS and DOES 1-25)

47.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 46 of this Complaint.

48.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

49.     Defendants' unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

51.     The use of deadly force was excessive and unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person. Moreover, Decedent was unarmed while he posed no threat of harm. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

52.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship-42 U.S.C. § 1983)**
**(Plaintiffs M.C.F. and K.S.F., by and through their Guardian Ad Litem ELIZABETH CASAS BAUTISTA against Defendants WELLS and DOES 1-50)**

53.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 52 of this Complaint as though fully set forth.

54.     Plaintiffs M.C.F. and K.S.F. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their father, Decedent Colby Friday.

55.     As a result of the excessive force by Defendants, Decedent died.  Plaintiffs were thereby deprived of their constitutional right of familial relationship with Decedent.

56.     Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

57.     The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of both Decedent and Plaintiffs, and acted with purpose to harm, unrelated to any legitimate law enforcement objective.

58.     Defendant, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiffs.

59.     As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent and will continue to be so deprived for the remainder of their natural lives.

60.     As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

61.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

***Monell*-Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983 (Plaintiffs M.C.F. and K.S.F., by and through their Guardian Ad Litem ELIZABETH CASAS BAUTISTA and ESTATE OF COLBY FRIDAY against Defendants CHIEF JONES, CITY, STOCKTON POLICE DEPARTMENT and DOES 26-50)**

62.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 61 of this Complaint.

63.     On information and belief, Defendant WELLS and DOES 1-25's conduct, individually and as peace officers, who shot decedent to death, was ratified by CITY's police department supervisorial officers Chief Jones and DOES 26-50.

64.     On information and belief, Defendants were not disciplined for the killing of Decedent.

65.     On and for some time prior to August 16, 2016, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiffs and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

        a.     Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities

for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, including the use of excessive and deadly force;

b.  Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

d.  By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

e.  By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of CITY;

f.  By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

66.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

67.     Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent, Plaintiff, and other individuals similarly situated.

68.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

69.     Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

70.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

71.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

72.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


**FOURTH CAUSE OF ACTION**
**(Wrongful Death-Negligence)**
**(C.C.P. §377.60 and 377.61)**
**(Plaintiffs M.C.F. and K.S.F., by and through their Guardian Ad Litem ELIZABETH**

**CASAS BAUTISTA against Defendants WELLS and DOES 1-25)**

73.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 72 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

74.     Defendant Wells and DOES 1-25 shot and killed Decedent despite the absence of a threat to any defendant officer or any other person.  Because Decedent died intestate and unmarried, Plaintiffs M.C.F. and K.S.F. are the proper people to sue for his wrongful death under California state law.

75.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth above, proximately caused the death of Decedent.

76.     As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, Decedent, in an amount according to proof at trial.

77.     As a further actual and proximate result of said defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

78.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Plaintiffs M.C.F. and K.S.F., by and through their Guardian Ad Litem**
**ELIZABETH CASAS BAUTISTA and ESTATE OF COLBY FRIDAY**
**against Defendants WELLS and DOES 1-25)**

79.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 78 of this Complaint.

80.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

81.     As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

82.     Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

83.     Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of reasonable attorney's fees pursuant to Civil Code § 52(a).

84.     Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of Civil Code § 52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Survival Action: Denial of Medical Care)**
**(Plaintiff ESTATE OF COLBY FRIDAY against Defendants Wells and DOES 1-25)**

85.     Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 84 of this Complaint.

86.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

87.     The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

88.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

89.     Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

90.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## JURY DEMAND

91.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1.     For general damages in a sum to be determined according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For funeral and burial expenses according to proof;

4.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants WELLS, and/or DOES 1 through 50 and/or each of them;

5.     For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. Section 794a;

6.     For cost of suit herein incurred;

7.     For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  September 29, 2017              /s/ *John L. Burris*_____
                                                            JOHN L. BURRIS, ESQ
                                                            Attorney for Plaintiffs